# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILBERFORCE UNIVERSITY, INC.,

       Plaintiff,                  :        Case No. 3:06-cv-291

                                    District Judge Thomas M. Rose
      -vs-                              Chief Magistrate Judge Michael R. Merz

                            :

WILBERFORCE UNIVERSITY
 FACULTY ASSOCIATION,

       Defendant.

## REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant Wilberforce University Faculty Association's Motion to Dismiss and Confirm Arbitrator's Award (Doc. No. 9). The University opposes the Faculty Association's Motion (Doc. No. 10), the Faculty Association has filed a Reply in support (Doc. No. 11), and the University has, with appropriate court permission, filed a Sur-Reply (Doc. No. 13).

      After some initial fencing, it appears the parties are in agreement that this action arises under federal law, to wit, § 301 of the Taft-Hartley Act and that this Court therefore has subject matter jurisdiction. The parties also seem to agree that the federal common law governs disputes arising out of the collective bargaining agreement and completely preempts state law.

      While the instant Motion is captioned as a motion to dismiss, it appears to be based on the unstated premises that there are no genuine issues of material fact and the Defendant is entitled to judgment as a matter of law, the standard for granting summary judgment. Of course, a summary judgment motion is premature as the parties have not (or at least had not as of the time of the

Motion) had an opportunity to engage in discovery. In their Rule 26(f) Report (Doc. No. 14), the parties contemplated both disclosure under Fed. R. Civ. P. 26(a)(1) and discovery, and the Faculty Association has not moved to stay discovery on the grounds it is not needed in this case. The Court concludes that, to the extent the Motion appears to claim entitlement to summary judgment, it is premature.

To the extent it appears to be a "true" Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Motion is not well taken. On its face, the Complaint states a claim upon which relief can be granted, to wit, to set aside the arbitrator's decision.

The Magistrate Judge offers no comment at this stage on the merits of the controversy, to wit, whether after discovery, either on cross-motions for summary judgment[1] or after trial, the arbitration award ought to be vacated or confirmed. It is simply premature to decide that question.

Accordingly, it is respectfully recommended that the Motion to Dismiss and Confirm be denied without prejudice to its merits because it is premature.

March 31, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

---

[1] The Court mentions cross-motions for summary judgment solely because, in its experience, §301 cases are frequently submitted for decision on cross-motions. Whether or not that will be a proper mechanism for decision in this case is up to the parties and Judge Rose.

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).