# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILBERFORCE UNIVERSITY, INC.,

      Plaintiff,              :        Case No. 3:06-cv-291

                                  District Judge Thomas M. Rose
    -vs-                         Chief Magistrate Judge Michael R. Merz

                             :

WILBERFORCE UNIVERSITY
 FACULTY ASSOCIATION,

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Wilberforce University Faculty Association's Objections (Doc. No. 17) to the Magistrate Judge's Report and Recommendations (Doc. No. 16) recommending denial of the Faculty Association's Motion to Dismiss and Confirm Arbitrator's Award (Doc. No. 9). The General Order of Assignment and Reference for the Dayton location of court permits the Magistrate Judges to reconsider decisions or reports and recommendations when objections are filed.

Plaintiff Wilberforce University brought this action under 29 U.S.C. § 185 to set aside an arbitrator's award made by Robert C. Vana on a dispute between the parties under the collective bargaining agreement which governs faculty employment at Wilberforce. The Complaint alleges that the arbitrator "exceeded his jurisdiction and the authority granted him by the CBA" and that his Award is "invalid and unenforceable because it does not "draw its essence" from the CBA" (Complaint, Doc. No. 1, at ¶¶ 18, 19). The Faculty Association answered the Complaint on November 17, 2006 (Doc. No. 8), but then filed the instant Motion to Confirm and Dismiss on

1

November 28, 2006.

The Motion begins with a 17-page verbatim quotation from the Arbitrator's Award as a statement of facts. The Association then quotes Ohio Revised Code § 2711.10 on when an arbitral award may be set aside, including the provision that a court may do so when arbitrators exceed their powers. §2711.10(D). Side by side with that quotation, the Association quotes the Complaint as alleging that Arbitrator Vana exceeded his power. (Motion, Doc. No. 9, at 18.) It then cites case authority for the narrowness of this review.

The Association then accuses the University of violating Fed. R. Civ. P. 10(d) by not attaching a copy of the collective bargaining agreement. *Id*. at 20.[1] To correct this perceived defect, the Association attaches uncertified copies of the collective bargaining agreement and the Arbitrator's award. It then concludes that "[i]t is obvious from a cursory review of the Arbitrator's Opinion and Award establishes that: (1) the Arbitrator's award draws its essence from the CBA (2) there was a rational nexus between the CBA and award, and (3) the award has not been shown to be arbitrary, capricious or unlawful." *Id*. at 20-21.

The Association never states under which Federal Rule it brings its Motion to Dismiss. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the Complaint. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990). To put it another way, its purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one:

> [A] complaint should not be dismissed for failure to state a claim

---

[1] Of course, there is no Rule 10(d) in the Federal Rules of Civil Procedure.

2

> unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811, 113 S. Ct. 2891, 125 L. Ed. 2d 612 (1993), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Neitzke v. Williams,* 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 229, 81 L. Ed. 2d 59(1984); *Monette v. Electronic Data Systems, Inc.,* 90 F.3d 1173, 1189 (6th Cir. 1996). For purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *Westlake v. Lucas,* 537 F.2d 857 (6th Cir. 1976); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

On the very face of the instant Motion, the Association essentially admits that the Complaint here states a claim for relief when it pleads that the Arbitrator exceeded his powers. In addition to that admission, of course, the award is to be reviewed under federal labor law and can be set aside if it does not "draw its essence" from the contract. *TVA v. Tennessee Valley Trades & Labor Council,* 184 F.3d 510 (6th Cir. 1999); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597 (1960). An award fails to derive its essence from the collective bargaining agreement when (1) it conflicts with express terms of the agreement; (2) it imposes additional requirements not expressly provided for in the agreement; (3) it is not rationally supported by or derived from the agreement; or (4) it is based on "general considerations of fairness and equity instead of the exact terms of the agreement. *MidMichigan Reg'l Med. Ctr.-Clare v. Prof'l Employyes Div of Local 79,* 183 F. 3rd 497, 502 (6th Cir. 1999); *Dallas & Mavis Forwarding Co. v. Local Union No. 89,* 972 F.2d 129, 134 (6th Cir. 1992)(quoting *National Gypsum Co. v. United Steelworkers of Am.* 793 F.2d 759, 766 (6th Cir. 1986). The Complaint also alleges that the Award does not draw its essence from the collective bargaining agreement. Thus it appears on at least two bases that the Complaint states a claim for relief under 29 U.S.C. §185 and the Motion to Dismiss,

3

if understood at made under Fed. R. Civ. P. 12(b)(6), should be denied as recommended in the Report and Recommendations. The case law cited above all recognizes that federal district courts have the power to review arbitral awards in collective bargaining situations and to confirm or vacate the award; the Association cites no law to the contrary. Of course, that does amount to allowing a "collateral attack" on the arbitral award. The fact that such an attack is rarely successful does not mean that it cannot be made.

The Association, however, raises three objections. First, it says, "for purposes of judicial economy Defendant's Motion to Confirm should be considered before the parties engage in discovery and continue expending funds to litigate this matter." In the Report and Recommendations, the Magistrate Judge noted that the parties had set a discovery schedule and that the Association had never moved to stay discovery (R&R, Doc. No. 16, at 2); the Objections make no comment on those two points.

More fundamentally, the Federal Rules of Civil Procedure do not provide a method for deciding a case on the merits prior to trial except for motions for summary judgment. The Objections do not suggest how this Court can reach the merits (when the Complaint plainly states a claim upon which relief can be granted) except under the aegis of a summary judgment motion.

The Association's second objection is

> Second, per the collective bargaining agreement ("CBA") attached to Defendant's Motion, the parties agreed to arbitrate their disputes, and this matter has been appropriately arbitrated. Accordingly, there is no basis in the CBA to allow the within action to be resolved in the courts.

(Objections, Doc. No. 17, at 2.) This objection seems to assert, without stating it, that this Court has no jurisdiction to consider the University's claims that the Arbitrator exceeded his powers or that the award fails to draw its essence from the collective bargaining agreement. The third objection is of the same character: "Finally, for this Court to adopt the recommendations of Magistrate Merz

would be akin to issuing [sic] a collateral attack on the arbitration process itself." *Id*.

These two objections are also not well taken. While the scope of review of an arbitrator's ward under federal labor law is very narrow, that does not mean there is no review at all.

Upon considering the Objections, it again appears the Association's Motion is in essence a premature motion for summary judgment and should be denied on that basis.

April 14, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).