**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

Wilberforce University, Inc., ,

    *Plaintiff*,

v.                     Case No.  3:06-cv-291
                       Judge Thomas M. Rose

Wilberforce University Faculty Association,

    *Defendant*.

---

**ENTRY AND ORDER GRANTING IN PART DEFENDANT WILBERFORCE UNIVERSITY FACULTY ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT, (DOC. 23), AND TERMINATING CASE.**

---

Pending before the Court is Defendant Wilberforce University Faculty Association's Motion for Summary Judgment and Award of Costs and Fees. Doc. 23.[1] Plaintiff Wilberforce University filed the instant action seeking to vacate an arbitration award.  Doc. 1.  Because the arbitrator did not commit fraud, have a conflict of interest, otherwise act dishonestly in issuing the award and was arguably interpreting the contract, the motion for summary judgment will be granted.

**Standard of Review**

Judicial review of a labor arbitration award pursuant to a collective bargaining agreement "is very limited." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).  A federal court reviewing a labor arbitration award is not "authorized to reconsider the merits of an

---

[1] While Defendant's motion is entitled Motion for Summary Judgment and Award of Costs and Fees, Defendant makes no argument for the award of costs and fees.  This request is thus waived.

award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987). "Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *Id.* at 37-38. "'[O]nly when the arbitrator strays from interpretation and application,' ... does he enter the forbidden world of 'effectively dispens[ing] his own brand of industrial justice,' making the arbitrator's decision 'unenforceable.' " *Michigan Family Resources, Inc. v. SEIU Local 517M*, 475 F.3d 746, 752 (6th Cir. 2007) (*en banc*) (quoting *Garvey*, 532 U.S. at 509). In *Michigan Family Resources* the Sixth Circuit "refined the scope of judicial review over labor-arbitration awards," and limited the scope of judicial review to "the questions of 'procedural aberration' outlined by the Supreme Court in" *Misco* and *Garvey*. *Truck Drivers Local No. 164, Int'l Bhd. of Teamsters v. Allied Waste Sys.*, 512 F.3d 211, 2008 WL 50090, at *4, 2008 U.S. App. LEXIS 87, at * 12, (6th Cir. 2008) (citing *Mich. Family Res.*, 475 F.3d at 753). The three questions of procedural aberration ask:

> Did the arbitrator act "outside his authority" by resolving a dispute not committed to arbitration? Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award? And in resolving any legal or factual disputes in the case, was the arbitrator "arguably construing or applying the contract"? So long as the arbitrator does not offend any of these requirements, the request for judicial intervention should be resisted even though the arbitrator made "serious," "improvident" or "silly" errors in resolving the merits of the dispute.

*Mich. Family Res.*, 475 F.3d at 753. See also *Great Lakes Energy Co-op. v. Local 876 Intern. Broth. of Elec. Workers*, 2008 WL 299022, 7 (W.D. Mich. 2008).

**Facts**

As it is the arbitrator's determination of the fact that the parties have bargained for, the Court will draw its recitation of facts from the arbitral award.

On April 26, 2005, Andre Wilson, at that time a student at Wilberforce University and the Student Body President, posted an internet message supporting a University decision to cut financial costs in response to the financial situation of the University. Wilson reported to the University that on April 27, 2005, Dr. Lucinda Callender threatened to fail him in an independent studies course because of his position, which would have denied him the ability to graduate as scheduled. The University suspended Dr. Callender April 29, 2005.

The Arbitrator found that this action violated Section 15.07 of the collective bargaining agreement, which reads:

> A student's signed complaint about a faculty member or a faculty member's class shall not be inserted in a faculty member's file unless the Division Chair first reviews it with the faculty member, Division Chair and the Chief Academic Officer. A copy of the complaint will be sent to the faculty member. The faculty member shall have the right to respond to the complaint in writing. The response shall be placed in the faculty member's file.

Doc. 23-2 at 9.

The Arbitrator rejected the University's position that Section 14.04 allowed it to suspend Dr. Callender without first discussing the matter. *Id.* at 10. According to Section 14.04:

> The President may immediately suspend a faculty if []he/she finds that immediate harm to the faculty member and others is threatened by the individual's continuance. The suspension shall be without pay.

Doc. 23-2 at 9. The arbitrator found that there was no "immediate harm" threatened to Andre Wilson, as there were ten days between the decision to suspend Callender and Wilson's scheduled graduation, in which time the procedure envisioned in Section 15.07 could have been carried out.

Doc. 23-4 at 9-10. As a result, the arbitrator determined that Grievant's CBA rights and due process rights had been violated. *Id.*

The arbitrator then noted that the University hired a third party to investigate Callender's conduct. This third party investigator, however neither interviewed Callender nor any student's who were supportive of her. Doc. 23-4 at 11. At the same time, students supportive of Callender appeared to testify on her behalf at the arbitration hearing. The third party investigation commenced May 2, 2005 and issued a report June 2, 2005. Callender received a termination letter June 6, 2005.

The Arbitrator noted the University's contention that Callender would have been afforded an opportunity to defend herself at the private meeting that was supposed to take place under Section 14.03(b), but decided that this stage of the process was already polluted by the University's failure to afford the protection envisioned in Section 15.07 of the CBA. According to the arbitrator, failure to follow CBA section 15.07 resulted in a failure to provide the due process established in the CBA. Doc. 23-3 at 13-14.

The Arbitrator concluded that Callender was to be reinstated and made whole and that Andre Wilson's complaint removed from her file. The University filed a complaint to vacate the award. Doc. 1. Defendant Wilberforce University Faculty Association filed this motion for summary judgment. Doc. 23.

**Analysis**

The University describes the Arbitral award as ignoring the fact that the CBA stipulates the procedure by which the University is to terminate a faculty member. Doc. 25 at 2-3. The University's response focuses wholly on Section 14.03. The University may well be correct, but it has bargained for a CBA that guarantees them not the correct interpretation of the CBA, but an

arbitrator's interpretation of the CBA. The Arbitrator has read the CBA and concluded that, because of section 15.07 of the CBA, a termination based upon a student complaint must begin with an opportunity for the faculty member to discuss the complaint prior to it even being put into her file, unless an immediate threat of harm requires quicker action. The Arbitrator further concluded that such was not the case here.

  There is little in the way of analysis to this case. As Defendant asserts:

> The Arbitrator addressed those portions of the CBA that he deemed relevant and/or controlling as to the grievance. The Arbitrator then addressed the parties' application of the CBA as argued by each of them. Finally, the Arbitrator cited the CBA for its appropriate provisions relating to suspension and termination that supported his Opinion and Award. The Arbitrator's Opinion and Award had a cogent and rational basis that causally connected the relevant and material facts and the parties['] CBA.

Doc. 23 at 21.

  The University fails to even mention Section 15.07 of the CBA, much less explain how the arbitrator's focus on this section was either: 1) a dispute not committed to arbitration; 2) evidence of fraud, a conflict of interest or some other act of dishonestly; or 3) not "arguably construing or applying the contract." *Mich. Family Res.*, 475 F.3d at 753.

  Wherefore, Defendant Wilberforce University Faculty Association's Motion for Summary Judgment and Award of Costs and Fees, Doc. 23, is **GRANTED**. The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, on Wednesday, March 26, 2008.

                                                                    s/Thomas M. Rose

                                                        _____
                                                                    THOMAS M. ROSE
                                                        UNITED STATES DISTRICT JUDGE